# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>DANIEL J. CUPIT,<br><br>Debtor. | Bankruptcy Case No. 13-11914 EEB<br>Chapter 7 |
| MACARTHUR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL J. CUPIT,<br><br>Defendant. | Adversary Proceeding No. 13-1185 EEB |

## ORDER

THIS MATTER comes before the Court following trial on the Plaintiff's Complaint, alleging a nondischargeability claim under 11 U.S.C. § 523(a)(4) and this Court's July 18, 2014 trial order ("Trial Order") finding in favor of Plaintiff on certain claims and ordering the parties to provide additional briefing on the proper calculation of prejudgment interest and the award of attorney fees and costs. Based on the parties' submissions, the Court herby FINDS and CONCLUDES:

The Trial Order concludes that Defendant's debt to Plaintiff in the amount of $47,775.56 is nondischargeable under § 523(a)(4), and that Plaintiff is entitled to treble damages, and pre- and post-judgment interest. The parties agree that prejudgment interest should be assessed beginning on November 30, 2011 and accrue through the entry of the Trial Order on July 28, 2014. The parties further agree that the federal rate of interest found at 28 U.S.C. § 1961 should apply, which is linked to the interest rate used for short-term United States Treasury bills. The parties dispute whether interest should be computed on the $47,775.56 debt or on the trebled amount of $143,326.68. The treble damage award is based on two Colorado statutes, Colo. Rev. Stat. § 18-4-405 and § 38-22-127(5). Under Colorado law, prejudgment interest is not allowed on punitive damages because "a party's entitlement to punitive damages does not arise unless and until such damages are awarded by the trier of fact." *Becker & Tenenbaum v. Eagle Restaurant Co., Inc.*, 946 P.2d 600, 602 (Colo. App. 1997). Accordingly, the Court calculates prejudgment interest only on the $47,775.56 damage award. This calculation results in a prejudgment interest award of $151.10. *See* Calculation Tool, http://postjudgmentinterest.com.

The Defendant concedes that Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Colo. Rev. Stat. § 18-4-405. Plaintiff's counsel presents an affidavit for attorney's fees in the amount of $10,890 and costs in the amount of $1,437.08. Defendant disputes the attorney's fees charged for travel time and any travel-related costs. The travel time was required in this case because Plaintiff's counsel resides in Grand Junction, Colorado and trial occurred in Denver. The Court concludes that Plaintiff's attorney should be compensated at only half his billable rate for travel time, instead of the full $200 rate or $50/hour reduction charged. Accordingly, the Court will allow 8.0 hours of travel for each day of trial at a rate of $100 per hour. This reduces Plaintiff's attorney's fees by $1,200 to $9,690. The travel-related expenses of $442.33 for the first trial day and $492.68 for the second trial day do not appear to be excessive and will be allowed in full. Accordingly, the final judgment amount is calculated as follows:

| Nondischargeable Debt | $47,775.56 |
|---|---|
| Additional Treble Damages | $95,551.12 |
| Prejudgment Interest | $151.10 |
| Attorney's Fees & Costs ($9,690 + $1,437.08) | $11,127.08 |
| Total | $154,604.86 |

The Court orders that $154,604.86, plus applicable post-judgment interest, and less any other amounts collected postpetition, is nondischargeable in Debtor's case pursuant to § 523(a)(4).

Dated this 3rd day of November, 2014.

BY THE COURT:

_Elizabeth E. Brown_
Elizabeth E. Brown, Bankruptcy Judge